UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

Plaintiff,

v.

CARLOS RECINOS-VALDEZ,

Defendant.

Case No. 3:25-cr-00010-MMD-CLB

ORDER

## I. SUMMARY

Defendants filed a renewed joint motion to disqualify, seeking to apply the Ninth Circuit Court of Appeals' holding in *United States v. Jackson*, __F.4th __, 2026 WL 2387099 (Aug. 17, 2026).[1] (ECF No. 134 ("Motion").) In *Jackson*, the court affirmed Senior United States District Judge David G. Campbell's order disqualifying Sigal Chattah, the putative Acting U.S. Attorney for the District of Nevada, from supervising the prosecutions of the defendants who were indicted on or after July 29, 2025 in three cases on appeal.[2] The *Jackson* court held that the Attorney General cannot validly install Ms. Chattah as an Acting U.S. Attorney by designating her as a first assistant to an already-vacant office or by delegating all the of functions and duties of a vacant office to Ms. Chattah. *Jackson*, 2026 WL 2387099, at *13. Applying *Jackson*, the Court grants the Motion.

## II. DISCUSSION

The *Jackson* court held that Ms. Chattah was not validly appointed to exercise the

---

[1] *Jackson* consolidated appeals of Judge Campbell's order in three cases. *Jackson*, 2026 WL 2387099, at *1-2.

[2] The government filed a response (ECF No. 137) and Defendants filed a reply (ECF No. 138).

powers of the U.S Attorney for the District of Nevada. *Jackson*, 2026 WL 2387099, at *13. The court granted the government's motion to stay the mandate to permit the filing of the petition for certiorari and if one is filed, stay the mandate until the petition is resolved; however, the court denied government's request to "stay the judgment and therefore the precedential effect" of the decision. *United States v. Jackson*, No. 25-6214 (9th Cir. Aug. 21, 2026), ECF No. 63.1. Thus, *Jackson* is binding precedent.

The Motion is straightforward. Defendants ask the Court to apply *Jackson*, providing the same relief in affirming disqualification of Ms. Chattah. (ECF No. 134.) The government does not dispute that the Motion presents the same issue that the *Jackson* court resolved. However, the government argues the Court should refer the Motion to Judge Campbell or in the alternative, the Court should grant a stay. (ECF No. 137 at 4-8.) The Court declines to refer the Motion to Judge Campbell and will apply *Jackson*.[3]

The government's first argument necessitates a recap of the relevant background that led to Judge Campbell's earlier decision in this case. Defendants previously jointly filed a motion to disqualify, relying on Judge Campbell's decision in *United States v. Garcia*, 2025 WL 2784640, at *4-14 (D. Nev. Sept. 30, 2025).[4] (ECF No. 53 ("First Motion").) The government opposed, citing its appeal in *Garcia*. (ECF No. 61.) The Court transferred the First Motion to Judge Campbell in accordance with an order designating Judge Campbell to "temporarily perform the duties of United States District Judge on an as-needed basis for the District of Nevada." (ECF No. 56, citing ECF No. 55.) Addressing the First Motion along with similar motions filed in other cases, Judge Campbell denied these motions without prejudice in light of his granting the government's request to stay his disqualification order in *Garcia* pending appeal. (ECF No. 63 at 2.) Judge Campbell

[3]Accordingly, the Court does not reach the government's argument as to a stay. As Defendants point out in their reply, the government is not seeking a stay pending appeal of any orders issued in this case. (ECF No 138 at 5-6.)

[4]In *Garcia,* Judge Campbell addressed defendants' motion to dismiss, or in the alternative to disqualify Ms. Chattah filed in four cases, including *Jackson*. 2025 WL 2784640, at *1. Judge Campbell found Ms. Chattah was not legally appointed and disqualified her from supervising these cases. *Id.* at 18.

further wrote that:

> If the Ninth Circuit affirms the Court's decision to disqualify Ms. Chattah but she remains in office, the motions can be re-filed by the parties in these cases and presumably can be resolved by the presiding Nevada judges based on Ninth Circuit law. If the Court of Appeals reverses the Court's decision, the arguments made in these motions will be moot.

(*Id.*) Because the former occurred, the Court can and will resolve the Motion based on the Ninth Circuit's decision in *Jackson*.

The Court rejects the government's appeal to judicial economy as a reason to refer the Motion and similar motions to Judge Campbell.[5] (ECF No. 137 at 4-5.) The government cites to *Garcia* as support. (*Id.*) But Judge Campbell performed his temporary service in this district in helping to resolve the disqualification issue raised in numerous cases. Indeed, Judge Campbell's order denying the First Motion without prejudice referenced similar motions that were referred to him. (ECF No. 63 at 2.) Now that "the Ninth Circuit affirms [Judge Campbell's] decision to disqualify Ms. Chattah but she remains in office, the motions can be re-filed . . . and presumably can be resolved by the presiding Nevada judges based on Ninth Circuit law." (*Id*.) Applying *Jackson*'s holding to grant the Motion does not affect judicial resources.

The government asks the Court to follow the Central District of California which has a standing order transferring all motions to dismiss and to disqualify the Acting United States Attorney Bilal A. Essayli to an out-of-district judge. (ECF No. 137 at 4.) The Central District of California's approach—referring the issue of disqualification of its Acting United States Attorney—is no longer analogous. Here, the Motion does not ask for the initial determination as to whether Ms. Chattah should be disqualified, which was an issue that the judges in this district referred to Judge Campbell to resolve in the first instance. *See Jackson*, 2026 WL 2387099, at *2 ("Chief Circuit Judge Mary H. Murguia designated Senior United States District Judge David G. Campbell of the District of Arizona to sit in the District of Nevada, and the cases [where defendants moved to dismiss the indictment,

---

[5]The Court initially referred the Motion to Judge Campbell under the same designation order (ECF No 55) it previously referred the First Motion to Judge Campbell (ECF No. 135) but withdrew the referral upon reconsideration (ECF No. 136).

or in the alternative, to disqualify Ms. Chattah] were assigned to him."); ECF No. 63 at 2 (Judge Campbell's order referencing motions to disqualify in 16 cases that were referred to him). The Motion asks the Court to apply binding precedent established in *Jackson*.

The Court must apply *Jackson* because it is binding authority. Indeed, the *Jackson* court made it so by declining to vacate its decision. Applying *Jackson* mandates disqualification of Ms. Chattah from supervising this case. Accordingly, the Court grants the Motion.

## III. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendant's renewed joint motion to disqualify (ECF No. 134) is granted.

It is further ordered that Ms. Chattah is disqualified from supervising this case and any government attorneys in handling this case.

It is further ordered that all government attorneys handling this case file statements on the docket that they are not being supervised, directly or indirectly, by Ms. Chattah in their prosecution of this case, subject to amendment if that changes at any time during the life of this case. These statements must be filed within seven days from the date of this order.

DATED THIS 30th Day of September 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE